UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MOZON BUICE,

                Petitioner,

    - against -

EILEEN KELLY, Chief Probation Officer,

                Respondent.
----------------------------------------------------------------X

**ORDER**
18-CV-4368 (RRM) (CLP)

ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* petitioner Mozon Buice brings this putative 28 U.S.C. § 2254 petition, seeking to be sentenced by this Court for a violation of the terms of his federal supervised release. Buice's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the purposes of this Order. For the reasons set forth below, his petition is dismissed.

## BACKGROUND

On November 2, 2010, following Buice's plea of guilty to a felon-in-possession charge, this Court sentenced him to a term of 46 months' imprisonment and three years' supervised release. *See* Judgment at 1–3, *United States v. Buice*, No. 10-CR-249 (RRM) (E.D.N.Y. *filed* Dec. 29, 2010). On December 1, 2014, while on supervised release, Buice was arrested for committing a state offense. *See* Revocation Judgment at 1, *United States v. Buice*, 10-CR-249 (RRM) (E.D.N.Y. *filed* Jan. 25, 2019); Certificate of Conviction at 1, *United States v. Buice*, 10-CR-249 (RRM) (E.D.N.Y. *filed* Jan. 23, 2019). Following his arrest, the Government charged him with violating the terms of his supervised release, which, *inter alia*, provided that he would commit no new federal, state, or local crimes. *See* Revocation Judgment at 1, *United States v. Buice*, 10-CR-249. Because his violation was predicated on new state criminal charges, the

violation was held in abeyance pending resolution of the state matter. A warrant predicated on the violation was lodged while the state charges were pending.

On July 12, 2016, following a trial, Buice was convicted of the state offense and sentenced to 5 years' incarceration in a state correctional facility. *See* Certificate of Conviction at 1, *United States v. Buice*, 10-CR-249. On July 30, 2018, Buice filed the instant petition. (Pet. (Doc. No. 1).) In it, he made clear that he was "not challenging [his] conviction," but rather was only seeking to be sentenced for his violation of supervised release by this Court so that any federal term of incarceration imposed thereby would run concurrently to the undischarged term of his New York sentence. (*Id.* at 5, 13, 16–17.)

On December 14, 2018, this Court directed Buice and the Government to prepare to resolve the pending violation charges. *See* Minute Entry, *United States v. Buice*, 10-CR-249 (RRM) (E.D.N.Y. *entered* Dec. 14, 2018). Pursuant to that order, Buice, represented by his appointed counsel, filed a memorandum that did not contest his guilt but argued he should be sentenced to no more than six months in a federal halfway house. *See* Defendant's Sentencing Memorandum at 1, *United States v. Buice*, 10-CR-249 (RRM) (E.D.N.Y. *filed* Dec. 27, 2018). On January 25, 2019, after carefully considering Buice's position and the Government's competing arguments, the Court found Buice guilty of violating his supervised release, revoked his term of supervision, and sentenced him to 24 months in custody, to run consecutive to the undischarged term of his state sentence. *See* Revocation Judgment at 1, *United States v. Buice*, 10-CR-249.

## DISCUSSION

Buice's petition must be dismissed. First, a petition pursuant to § 2254 is not the proper vehicle by which to raise challenges to a federal sentence. *See* 28 U.S.C. § 2254(a) (permitting

applications for a writ of habeas corpus only by "person[s] in custody pursuant to the judgment of a State court"). To the extent he wishes to challenge this Court's sentence on his violation, he may move to vacate, set aside, or correct it pursuant to 28 U.S.C. § 2255. *See, e.g., Zuniga v. Sposato*, No. 11-CV-1045 (JFB), 2011 WL 1336396, at *2 (E.D.N.Y. Apr. 7, 2011) ("Challenges to federal custody must be brought under 28 U.S.C. § 2255."). To the extent he was only seeking to be sentenced for his federal violation while still in state custody, this relief has been granted, and his petition is therefore moot. *See Tanasi v. New All. Bank*, 786 F.3d 195, 199 (2d Cir. 2015) ("A case becomes moot [pursuant to Article III's Case or Controversy Clause] . . . when it is impossible for a court to grant any effectual relief whatever to the prevailing party." (internal quotation marks omitted) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012))).

## CONCLUSION

Accordingly, Buice's petition is dismissed without prejudice to his right to file a future motion pursuant to § 2255 or a future petition challenging his state custody pursuant to § 2254. *Cf. Safran v. Sheriff of Suffolk Cty.*, No. 12-CV-599 JFB, 2013 WL 781103, at *3 n.3 (E.D.N.Y. Mar. 1, 2013) ("[S]ince his petition is being denied without prejudice . . . a future petition . . . would not be considered 'second or successive.'" (citation omitted)). The Clerk of Court is directed to mail a copy of this Memorandum and Order to Buice, note the mailing on the docket, and close this case.

3

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 5 2019

s/Roslynn R. Mauskopf

_____
ROSLYNN R. MAUSKOPF
United States District Judge